IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMES E. VANALSTINE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | 7 : 02-CV-118 (HL) |
| | : | |
| JACK E. BRADFORD, et al. | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

The plaintiff filed this action in November 2002, challenging certain conditions of his confinement. The court ordered the plaintiff to pay the full filing fee, which he did on or about December 13, 2002. Given the plaintiff's *pro se* status, the court directed that the plaintiff be provided with the necessary service documents on June 18, 2003. Despite this directive, there is no indication that the plaintiff has ever attempted or perfected service on the defendants, as the defendants have not filed an answer or other responsive pleading. Based on the record of inactivity herein, the undersigned ordered the plaintiff to show cause as to why this case should not be dismissed for his failure to diligently prosecute this lawsuit. The plaintiff has not responded to this directive.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which

the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiffs.  The plaintiff has taken no meaningful steps to prosecute this case since paying the filing fee in December 2002 and filing a motion for oral argument in February 2002.  The plaintiff has had more than adequate time and opportunity to pursue his claims against the defendants but has failed to do so, nor has he provided any reason for his delays in prosecuting this action.  The court finds that lesser sanctions will not suffice herein.  Accordingly, it is the recommendation of the undersigned that this civil action be **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**,  this 13th day of September, 2005.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb